UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

GLENN COLEMAN,

    Plaintiff,

vs.                                          CASE NO: 5:05cv19-RH/wcs

WAFFLE HOUSE, INC., a foreign corporation,
d/b/a WAFFLE HOUSE #942,

    Defendant.

_____/

## COMPLAINT

Plaintiff, GLENN COLEMAN ("Plaintiff"), through his undersigned counsel, hereby files this Complaint and sues WAFFLE HOUSE, INC., a foreign corporation, d/b/a WAFFLE HOUSE #942, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. § 12181 et. seq, ("AMERICANS WITH DISABILITIES ACT" or "ADA") and alleges:

### JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181 et. seq., (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. § 1331 and 1343.

2. Venue is proper in this Court, Panama City Division pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the Northern District of Florida.

3. Plaintiff, GLENN COLEMAN (hereinafter referred to as "MR.

 

-1-

COLEMAN") is a resident of the State of Florida and is a qualified individual with a disability under the ADA.  MR. COLEMAN suffers from what constitutes a "qualified disability" under the Americans With Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations.  Prior to instituting the instant action, MR. COLEMAN visited the Defendant's premises, the Waffle House #942 located at 15 Son-in-Law Road, Bonifay, Florida (the "RESTAURANT"), personally and was denied full, safe and equal access to the subject property of Defendant which is the subject of this lawsuit due to its lack of compliance with the ADA.  MR. COLEMAN continues to desire to visit the RESTAURANT, and intends to do so, but continues to be denied full and safe access due to the barriers to access which continue to exist.

4.     The Defendant, WAFFLE HOUSE, INC. ("WAFFLE") is a foreign corporation registered to do business in the State of Florida.  Upon information and belief, WAFFLE is the owner, lessee and/or operator of the real property and improvements that is the subject of this action, to wit: RESTAURANT.

5.     All events giving rise to this lawsuit occurred in the Northern District of Florida, Holmes County, Florida.

**COUNT I - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**

6.     Plaintiff re-alleges and re-avers paragraphs 1-5 as if they were expressly restated herein.

7.     On or about July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 et. seq.  Commercial enterprises were provided one and a half years from enactment of the statute to implement its

requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. § 12181; 20 C.F.R. § 36.508 (A).

8. Pursuant to 42 U.S.C. § 12181(7) and 28 C.F.R. § 36.104, the RESTAURANT owned and/or operated by WAFFLE is a place of public accommodation in that it is a RESTAURANT that provides goods and services to the public.

9. Defendant, WAFFLE, has discriminated, and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the RESTAURANT in derogation of 42 U.S.C. § 12101 et. seq.

10. The Plaintiff has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at the RESTAURANT owned and/or operated by WAFFLE. Prior to the filing of this lawsuit, MR. COLEMAN visited the RESTAURANT and was denied full, safe and equal access to the benefits, accommodations and services of the Defendant's premises and therefore suffered an injury in fact. In addition, MR. COLEMAN continues to desire to visit the RESTAURANT owned and/or operated by WAFFLE, but continues to be injured in that he is unable to and continues to be discriminated against due to the architectural barriers which remain at the RESTAURANT owned and/or operated by WAFFLE, in violation of the ADA. MR. COLEMAN has now and continues to have reasonable grounds for believing that he has been and will be discriminated against because of the Defendant's continuing deliberate and knowing violations of the ADA.

11. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the

Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

12. WAFFLE is in violation of 42 U.S.C. § 12181 et.seq. and 28 C.F.R. § 36.302 et.seq. and is discriminating against the Plaintiff due to WAFFLE'S failure to provide accessibility due to, *inter alia,* the following non-complete list of barriers to access:

i. Some of the accessible parking spaces are not located on the closest accessible route to the entrance;

ii. Some of the accessible parking spaces lack an access aisle;

iii. Some of the accessible parking spaces have too steep of a slope;

iii. The curb cut provided is not accessible;

iv. There is no accessible seating in the dining area;

v. The counters are not accessible;

vi. The toilet rooms lack proper signage;

vii. The hand dryer in the toilet room is a protruding object;

viii. The lavatory pipes are not insulated;

ix. The toilet paper dispenser is mounted out of reach range.

13. There are other current violations of the ADA at the RESTAURANT owned and/or operated by the Defendant which were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

-5-

14. To date, the above barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

15. Pursuant to the ADA, 42 U.S.C. § 12101 et.seq. and 28 C.F.R. § 36.304, WAFFLE was required to make its RESTAURANT, a place of public accommodation, accessible to persons with disabilities by January 28, 1992. To date, WAFFLE has failed to comply with this mandate.

16. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by WAFFLE pursuant to 42 U.S.C. § 12205.

17. Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an Order to alter the subject facility to make it readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facility until the requisite modifications are completed.

**WHEREFORE**, the Plaintiff, GLENN COLEMAN, demands judgment against WAFFLE and request the following injunctive and declaratory relief:

    A. That the Court declare that the property owned and/or administered by WAFFLE is violative of the ADA;

    B. That the Court enter an Order directing WAFFLE to alter its facility to make it accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

    C.     That the Court enter an Order directing WAFFLE to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow WAFFLE to undertake and complete corrective procedures;

    D.     That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

    E.     That the Court award such other and further relief as it deems necessary, just and proper.

Dated this 21st day of January, 2005.

Respectfully submitted,

SCHWARTZ ZWEBEN & ASSOCIATES, LLP  
205 S.W. Winnachee Drive  
Stuart, Florida 34994  
Telephone:  (772) 223-5454  
Facsimile:   (772) 463-0778  

By: _____  
Gene R. Zweben, Esq.  
Florida Bar No. 0088919  
Peggy A. Underbrink, Esq.  
Florida Bar No. 0599107